**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-11138
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW C. COURTNEY, also known as Pretty Boy,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-43-1
--------------------

Before WIENER, GARZA, and BENAVIDES, Circuit Judges

PER CURIAM:[*]

Matthew C. Courtney appeals his conviction and sentence for conspiracy to possess and dispose of stolen firearms, being a felon in possession of a firearm, and possession of stolen firearms. Courtney argues that the district court abused its discretion by admitting extrinsic evidence of his prior arrest for violating a protective order. He argues that the evidence was not admissible under the two-part test for FED. R. EVID. 404(b) evidence articulated in United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). He further asserts that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error in admitting this evidence was not harmless.  The Government responds by arguing that the evidence was intrinsic and therefore not subject to the requirements of Rule 404(b).

Evidence that Chuck Kershner knew and dated Carla Courtney and that Matthew Courtney came to his residence is "background information establishing the connection between a witness and a defendant." United States v. Miranda, 248 F.3d 434, 441 (5th Cir. 2001).  Thus, testimony regarding those matters is intrinsic.  However, evidence of Courtney's arrest for violating a protective order does not provide relevant background information.  Nor is it "inextricably intertwined" or "part of the single criminal episode." United States v. Coleman, 78 F.3d 154, 156 (5th Cir. 1996).  As such, testimony relating to Courtney's prior arrest was extrinsic evidence.

Evidence that Courtney was arrested for violating a protective order is not relevant to an issue other than his character, and therefore, the district court abused its discretion by admitting the evidence. See Beechum, 582 F.2d at 911.  However, the error was harmless because the evidence of Courtney's guilt was overwhelming. See United States v. Farias-Farias, 925 F.2d 805, 811-12 (5th Cir. 1991).  Accordingly, the judgment of the district court is AFFIRMED.